**Steven J. BRUNELLE, Plaintiff–Appellant,**

**v.**

**USA DEPARTMENT OF JUSTICE, OFFICE OF ENFORCEMENT OPERATIONS, UNITED STATES MARSHAL'S SERVICE, John Ashcroft, Attorney General, Glen A. Fine, In-**

spector General, United States Department of Justice, USA, Department of Justice, Criminal Division, George W. Bush, Actor, George H.W. Bush, Former President of the United States, Richard B. Cheney, Vice President of the United States, Defendants–Appellees.

No. 04–0462.

United States Court of Appeals, Second Circuit.

Nov. 8, 2004.

Steven J. Brunelle, Brattleboro, VT, for Appellant, pro se.

David V. Kirby, Acting United States Attorney, Nancy J. Creswell, Assistant United States Attorney, Burlington, VT, for Appellees.

PRESENT: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Steven J. Brunelle, *pro se,* appeals from the November 26, 2003, judgment of the United States District Court for the District of Vermont (William K. Sessions, *Judge* ) dismissing his complaint *sua sponte,* pursuant to the court's inherent authority to dismiss frivolous lawsuits.

In October 2003, Brunelle filed a complaint against numerous government agencies and officials, ostensibly pursuant to a criminal statute, 18 U.S.C. § 371, stating as causes of action "[c]onspiracy to use laws for unlawful purposes" and "[c]onspiracy to commit offenses [and] defraud the U.S." In his complaint, Brunelle alleged, *inter alia,* that he was the President of the United States, and that the Government had placed a woman, whom he alleged to be his wife, in the Witness Protection Program. He also alleged that the woman purporting to be his wife was an imposter. Finally, he averred that the Government had refused to provide him with any information pertaining to his alleged wife's whereabouts.

On appeal, Brunelle argues that 18 U.S.C. § 3521(b)(1)(G), which allows the Government to refuse to provide information on Witness Protection Program participants, should not allow the Government to refuse to disclose the information he seeks. Brunelle also argues that the district court improperly dismissed his claim *sua sponte* as frivolous because only prisoner complaints are subject to such dismissal. He also raises, for the first time, the allegation that the Government is wrongfully holding in a trust fund trillions of dollars of financial assets that rightfully belong to him.

Although it is unclear whether we review *de novo* or for abuse of discretion a district court's *sua sponte* dismissal of a fee-paid complaint under its inherent authority to dismiss frivolous actions, *Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 364 n. 2 (2d Cir.2000) (per curiam), we need not decide the issue here, as the district court's judgment must be affirmed under either standard of review.

Our review of the record and relevant case law reveals that there are no errors in the district court's decision, and that Brunelle's arguments on appeal are without merit. Indeed, in *Neitzke v. Williams,* 490 U.S. 319, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), the Supreme Court specifically

noted that courts may dismiss such claims. Moreover, the district court has the authority to dismiss *sua sponte* frivolous complaints whether the litigant is proceeding *in forma pauperis* or fee-paid. *Fitzgerald,* 221 F.3d at 363. Finally, given the nature of Brunelle's allegations, amendment of the complaint would be futile. *Oneida Indian Nation v. City of Sherrill,* 337 F.3d 139, 168 (2d Cir.2003).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.